UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMANTHA WILLIAMS | CASE NO. 1:21-CV-00017 |
| VERSUS | JUDGE JOSEPH |
| D'ARGENT FRANCHISING, L.L.C., ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

### Plaintiff's Opposition to Motion to Dismiss

NOW INTO COURT, through counsel, comes Plaintiff Samantha Williams, to oppose Defendants' motion to dismiss, R. Doc. 7.

While Plaintiff contends the Original Complaint (R. Doc. 5) should survive Defendants' Motion, Plaintiff already has a Motion for Leave to Amend currently pending before this Court (R. Doc. 16) which fully addresses Defendants contentions, and if granted would moot Defendants' instant Motion. Because the Court has not yet ruled on Plaintiff's Motion for Leave to Amend, this Opposition is filed in an abundance of caution.

In their motion, Defendants first argue that portions of Ms. William's Complaint are not detailed enough, and so the case should be dismissed.

Defendants then argue that other portions of Ms. Williams' Complaint are *too* detailed, and so the case should be dismissed.

This Goldilocks-and-the-Three-Bears approach to pleading does not track the requirements of the Federal Rules of Civil Procedure. Nor do Defendants' other arguments hold any merit. Defendants argue – without authority – that the Complaint should be dismissed because it contains "hearsay." They also argue that, at thirty pages, the Complaint is so "gratuitously long" that it must be dismissed.

This Court should deny the motion. Or in the alternative, this Court should grant Plaintiff's previously filed Motion for Leave to Amend the Complaint (R. Doc. 16).

I.  **Law and Analysis**

  A.  **Standards governing a motion to dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a plaintiff's claims before filing its answer when the pleadings, on their face, fail "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it contains "a short and plain statement … showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Although the Rule 8 pleading standard does not require "detailed factual allegations;" mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id*. at 555.

In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc*., 540 F.3d 333, 338 (5th Cir. 2008) (*quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007)). A court must accept as true all factual allegations, although the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. In sum, if the factual allegations asserted in the complaint are wholly speculative or if it is apparent from the face of the complaint that there is an absolute bar to recovery, the claim should be dismissed. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

**B.    Because the complaint contains facts about D'Argent's status as an integrated enterprise, the Court should deny the motion. If more allegations are needed, the Court should grant Plaintiff's already-filed motion for leave to amend.**

Two Defendants, D'Argent Companies LLC and D'Argent Construction LLC, argue that the lawsuit should be dismissed against them on the theory that Plaintiff has not adequately plead an employment relationship with them. R. Doc. 7-1 at 9. They acknowledge that Plaintiff pleads that these two corporate entities are part of an integrated enterprise with D'Argent Franchising LLC, the entity listed as her employer on paper. R. Doc. 5 at pp. 11 (Fig. 1).

They argue, however, that Plaintiff's description of an integrated enterprise is a "legal conclusion unsupported by any factual allegations." R. Doc. 7-1 at 4. This ignores the actual allegations in the detailed Complaint. As Defendants point out, the Fifth Circuit has focused on "centralized control of labor relations" in evaluating an integrated enterprise. R. Doc. 7-1 at 12, *citing Trevino v. Celanese Corp.*, 701 F.2d 397, 407 (5th Cir. 1983).

Here, the Complaint alleges facts describing such centralized control, alleging that Justin Giallonardo "exercised operational control over significant aspects of the corporate Defendants' day-to[-]day functions." R. Doc. 5 at ¶ 25. It alleges that Justin Giallonardo was the "President of Business Development and Head of Human Resources" for the integrated enterprise as a whole. *Id.* at ¶ 30. And the nature of the integrated enterprise is bolstered by the fact that D'Argent Franchising LLC managers had email address with the integrated enterprise's domain name (@dargentcompanies.com), rather than "franchising" specific email accounts (R. Doc. 5 at 11, Fig. 1 (showing "RichardM@dargentcompanies.com")), and that D'Argent main-office human resources employees worked with franchise employees like all others (*Id.* at ¶ 121).

If, however, these factual allegations are insufficient to plead the existence of an integrated enterprise, Plaintiff has proposed an amended pleading that provides a great de factual detail regarding the integrated enterprise. In R. Doc. 16, Ms. Williams moved for leave to amend the

Complaint to make two changes: (1) to substitute State Farm Fire & Casualty Company for XYZ Insurer, and (2) to add a section entitled "The three LLC Defendants operate as an integrated enterprise called "D'Argent Companies." R. Doc. 16-3 at ¶¶ 148-179.

That section provides allegations and images showing that D'Argent holds itself out to the public as an integrated enterprise called "D'Argent Companies," with the three LLCs as different "brands" of the umbrella D'Argent Companies organization. *Id.* at ¶¶ 152-156. The Complaint alleges facts as to how D'Argent's outward image conveyed to the public and public-facing documents make no distinction between the various LLCs, that D'Argent's employees identify themselves as working for "D'Argent Companies" generally (*id.* at ¶¶ 158-159), and the franchising properties are listed under the "D'Argent Companies" name (*id.* at ¶¶ 160-162). The Amended Complaint also factually details Defendants centralized control of labor relations (id. at ¶¶ 165-171), common management (id. at ¶¶172-173), common ownership and financial control (*id.* at ¶¶ 174-175), and interrelation of the enterprise's operations (*id.* at ¶¶ 176-179).

Thus, if there is any inadequacy in the integrated enterprise allegations of R. Doc. 5, those are remedied by the proposed amended pleading, which needed to be updated in any event so as to name the insurer that was recently identified by Defendants.

### C. This Court should reject Defendants' contention that Ms. Williams' lawsuit should be dismissed because the Complaint is too detailed, "unnecessarily long," and contains "hearsay."

A complaint must include factual allegations sufficient to lend plausibility to a plaintiff's legal claims. *Twombly, supra.* In a Title VII case, a plaintiff can show a statutory violation "when the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' ... that is `sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Gardner v. CLC of Pascagoula, LLC*, 915 F.3d 320, 325 (5th Cir. 2019).

Accordingly, in her complaint, Plaintiff Samantha Williams sought to describe a workplace permeated and pervaded top-to-bottom with sexual harassment. She did so by providing allegations describing her own experiences (R. Doc. 5 at ¶¶ 1-10, 28-89, 157-167), and bolstered the plausibility of her own experiences with allegations of the experiences of other employees (*id*. at ¶¶ 90-147).

Defendants object to the inclusion of the allegations of other employees' experiences, arguing that they are "hearsay," "inflammatory," and make the Complaint "unnecessarily long." R. Doc. 7-1 at 7, 14-16. None of these arguments offer a reason to entirely dismiss Plaintiff's claims.

Defendants cite no authority for the proposition that inclusion of other, corroborating employees' experience is improper for a Title VII complaint. Nor do they cite any authority for the proposition that "hearsay" is a proper objection to allegations in a complaint.

Defendants also take the bold, and legally-unsupported position, that the conduct of Thomas Giallonardo, *the CEO of the D'Argent Companies*, is "irrelevant to this case because Giallonardo is not a named defendant and his Tweets are unrelated to Plaintiff." R. Doc. 7-1 at 10. *But see Sherif v. Astrazeneca*, No. 00-3285 (E.D. Pa. Apr. 3, 2002) ("Plaintiff argues that the statements of Emmens, made in his capacity as President and CEO of Astra Merck, are relevant 'to show the corporate culture in which a company makes its employment decision, and may be used to build a circumstantial case of discrimination.' . . . The court agrees with plaintiff and finds that the statements by Mr. Emmens are relevant.").

Defendants finally accuse Ms. Williams of including unnecessary material in an effort to "incite outrage and garner attention." R. Doc. 7-1 at 10. This is an unfair accusation. First, to the extent that the allegations regarding D'Argent incite outrage, it is because they are, in fact, outrageous. If outrage is incited, it is because Defendants' actions are beyond the pale – not because *describing* those actions is. Second, Plaintiff's counsel has chosen to omit other information from the Complaint – including many of the most outrageous examples of Defendants' conduct. For example,

Plaintiff's counsel's pre-filing investigation uncovered a wide range of racially discriminatory behavior by Defendants' executives, including the frequent and casual use of racial slurs, explicit racial discrimination in hiring, and other, more horrific and explicit examples of racism. Plaintiff will not go into detail here of what was omitted.

Those details, however, would be potentially relevant: D'Argent executives casually expressing racial animus with impunity would make it more plausible that they operated a workplace where they felt comfortable expressing gender animus with impunity, thus bolstering the allegation of a "workplace permeated with discriminatory intimidation." But Plaintiff's counsel chose to keep the complaint focused specifically on gender discrimination rather than other forms of legally-prohibited discrimination, and <u>omitted</u> those allegations – even though they would likely generate appropriate outrage and public opprobrium.

Plaintiff's discretion was also demonstrated with the Declaration of Wes Pigott. That declaration contains testimony relevant to both FLSA violations and Title VII violations by Defendants. When it was first filed in a related FLSA case, Plaintiff's counsel took care to redact all descriptions of sexual harassment from the declaration before filing. *Williams v. D'Argent,* 20-cv-01501-DCJ-JPM, R. Doc. 1-2 (W.D. La. Nov. 21, 2020) (paragraphs 9 to 38 redacted). The fully-unredacted declaration was only entered into the record once both FLSA and Title VII lawsuits had been filed.

Finally, Defendants argue that Plaintiffs' lawsuit should be dismissed because, at thirty pages long, they consider it to be "gratuitously long." They cite as authority a case dismissing a seventy-seven-page complaint that contained fifty pages of technical detail regarding a surgical device. R. Doc. 7-1 at 14. They do not cite <u>any</u> authority suggesting a thirty-page complaint is so long as to fail to comply with Rule 8. Indeed, thirty pages is not even *unusual*. For example, the average complaint

page length for the six non-insurance civil suits filed the same day as this case is twenty-six pages.[1] Two of the complaints filed the same day as this suit exceeded forty pages. The fact that Defendants considered the "the thirty-page complaint is too long" argument to be strong enough to merit inclusion in their brief reflects the overall weakness of their motion. The motion should be denied.

## II.     Conclusion

For the reasons stated above, this Court should deny Defendants' Motion to Dismiss. Or, in the alternative, this Court should grant Plaintiff's Motion for Leave to Amend the Complaint (R. Doc. 16), which would moot the Motion to Dismiss.

Respectfully Submitted,

/s/ William Most_____
William Most, Bar No. 36914
Law Office of William Most, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(504) 509-5023
williammost@gmail.com

Kenneth C.Bordes (La. Bar No. 35668)
Kenneth C. Bordes, Attorney at Law, LLC
New Orleans, LA 70119
T: (504) 588-2700
E: kcb@kennethbordes.com

---

[1] *See Barnes v. Dresser*, 21-cv-00024-DCJ-JPM, filed 1/06/21 (26 pages); *Edwards v. Ortiz*, 21-cv-00032-SMH-KLH, filed 1/06/21 (26 pages including exhibit); *Unk. v. Unk*. 21-mc-00007, filed 1/06/21 (41 pages); *Coulon v. School Board of St Mary Parish*, 21-cv-00019-JDC-PJH, filed 1/6/21 (16 pages); *Landry v. Johnson & Johnson*, 21-cv-00025-MJJ-CBW, filed 1/06/21 (44 pages); *Derise v. Public Safety & Corrections*, 21-cv-00070-RRS-CBW, filed 1/06/21 (9 pages including exhibit).