UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

SAMANTHA WILLIAMS,                    )
                                     )
        Plaintiff,                   )
                                     )
VS.                                  )
                                     )    NO.:  21-CV-00017-DCJ-JPM
D'ARGENT FRANCHISING, LLC,           )
D'ARGENT CONSTRUCTION, LLC,          )
D'ARGENT COMPANIES, LLC,             )
JUSTIN GIALLONARDO, and              )
XYZ INSURANCE CO.                    )
                                     )
        Defendants.                  )
_____)

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, D'Argent Franchising, LLC ("D'Argent Franchising"), D'Argent Companies, LLC ("D'Argent Companies"), D'Argent Construction, LLC ("D'Argent Construction") (collectively, the "LLC Defendants") and Justin Giallonardo (collectively, "Defendants") submit this Reply in response to Plaintiff Samantha Williams' ("Plaintiff") Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint (the "Opposition").[1] Defendants reassert the arguments made in their Motion to Dismiss and incorporate the case law cited therein in this Reply.[2]

In addition to the instant motion, two further related motions are pending before this Court: (i) Plaintiff's Motion for Leave to File Amended Complaint (the "Motion for Leave to Amend"), filed February 23, 2021 (Defendants' Opposition filed March 9, 2021)[3]; and (ii) Defendants' Rule 12(f) Motion to Strike Portions of Plaintiff's Complaint (the "Motion to Strike"), filed as a

---

[1] Dkts. 7, 19.
[2] *See generally* Dkt. 7.
[3] Dkts. 16, 23.

proposed pleading to Defendants' Motion to File Under Seal on  March 9, 2021.[4] While each of these motions is procedurally distinct from the others, they all concern the same problem—that Plaintiff has filed an over-long Amended Complaint riddled with salacious and unproven allegations that have no bearing whatsoever on the Plaintiff's own allegations.

As to the instant motion, Plaintiff asserts only two arguments in opposition to Defendants' Motion to Dismiss and uses her proposed amended complaint (the "proposed SAC") as a fallback to bolster one argument. But even if the Court considers the proposed SAC when deciding the three motions pending in this case (which it should not, as that amendment is futile, as set forth further in Defendant's Opposition to Plaintiff's Motion to Amend)[5], Plaintiff's claims still fail and must be dismissed pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

## I.   LEGAL STANDARD

Defendants have already stated in detail the general rules of pleading outlined in Rule 8 of the Federal Rules of Civil Procedure and incorporate that explanation herein by reference.[6] To survive a Rule 12(b)(6) motion to dismiss, a Plaintiff must "provide the grounds of his entitlement to relief," including "enough facts to state a claim to relief that is plausible on its face."[7] A complaint must contain plausible factual allegations that demonstrate something more than the "sheer possibility that a defendant has acted unlawfully."[8] In other words, there "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[9] Although this Court must accept Plaintiff's factual allegations as true, this requirement does not apply where, as here, "legal conclusion[s]

---

[4] Dkts. 16, 24.
[5] Dkt. 23.
[6] Dkt. 7-1 at pp. 8-9.
[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[8] *Ashcroft v. Iqbal*, 556 U.S. at 668 (2009).
[9] *Twombly*, 550 U.S. at 555. ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.").

[are] couched as factual allegation[s]."[10] The Court need not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[11]

## II.    ARGUMENT[12]

### A.  Plaintiff Has Not and Cannot Demonstrate that D'Argent Construction, D'Argent Companies and D'Argent Franchising Are a "Single Employer."

As Defendants argue in their Motion to Dismiss, Plaintiff has failed to adequately plead an employment relationship with D'Argent Construction or D'Argent Companies so as to state LEDL or Title VII claims against them. Plaintiff cites **zero** case law to support her argument that Defendants' Motion to Dismiss should be denied because "the complaint contains facts about D'Argent's status as an integrated enterprise."[13] The only case citation in this section of Plaintiff's Opposition is a reference to the *Trevino v. Celanese Corp.* case cited by Defendants in their Motion to Dismiss to establish the factors that courts consider when determining whether distinct entities constitute an integrated enterprise for purposes of a Title VII employer analysis.[14] Plaintiff notes, as Defendants did in their Motion to Dismiss, that the Fifth Circuit focuses on the "centralized control of labor relations" prong of the four-factor test, but Plaintiff fails to go the extra mile in her analysis because she does not consider or provide evidence regarding which "entity made the final decisions regarding employment matters related to" her.[15]

---

[10] *Iqbal,* 556 U.S. at 678.

[11] *Cent. Laborers' Pension Fund v. Integrated Elec. Servs., Inc.*, 497 F.3d 546, 550 (5th Cir. 2007).

[12] Plaintiff asserts the following causes of action against Defendants in the operative complaint (the "FAC"), Dkt. 5, and the proposed SAC, Dkt. 16-3: (i) gender discrimination in the form of a hostile workplace and sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 et seq.; (ii) gender discrimination in the form of a hostile workplace and sexual harassment in violation of the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. § 23:332(A)(1); (iii) intentional infliction of emotional distress; and (iv) intentional spoliation and witness intimidation.

[13] Dkt. 19 at pp. 3-4.

[14] Dkt. 7-1 at p. 12 (citing *Trevino v. Celanese Corp.*, 701 F.2d 397, 403 (5th Cir. 1983) (noting that courts consider the following factors in determining whether distinct entities constitute an integrated enterprise: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control.")).

[15] *Id*. (citing *Trevino*, 701 F.2d at 407).

Plaintiff instead points to allegations in the FAC of "centralized control" by Justin Giallonardo of the LLC Defendants and the email domain of a former employee, RichardM@dargentcompanies.com as evidence that the three distinct LLCs operated as one enterprise.[16] These conclusory, barebones allegations are wholly inadequate to establish that D'Argent Construction or D'Argent Companies were her employers or that they are an integrated enterprise with D'Argent Franchising, which Plaintiff essentially acknowledges by offering an alternative argument in her Opposition.[17] Plaintiff attempts to cure the pleading defects peremptorily in her FAC, in an attempt to circumvent a Rule 12(b)(6) dismissal, by referencing allegations in her proposed SAC.[18] As Defendants note in their opposition to Plaintiff's Motion for Leave to Amend, these proposed amendments are futile because they will not save her claims from dismissal.[19] "The existence of an integrated enterprise should not be lightly inferred."[20] In the parent-subsidiary context, for example, the "analysis ultimately focuses on whether the parent corporation was a final decision-maker in connection with the employment matters underlying the litigation."[21] Plaintiff's employer was D'Argent Franchising, and Plaintiff has not and cannot show that either D'Argent Construction or D'Argent Companies made the final decision with respect to her employment. This is especially true as, according to her own allegations, Plaintiff resigned.[22]

## B. Alleged Statements of Unidentified Individuals and Alleged Tweets by Thomas Giallonardo III Are Immaterial to Plaintiff's Claims and Will Not Save them from Dismissal.

Plaintiff mischaracterizes Defendants' Motion to Dismiss and completely ignores the larger purpose of Defendants' Rule 8 arguments—*i.e.*, impermissible group pleadings result in a

---

[16] Dkt. 19 at p. 3.
[17] *Id.* at p. 3-4.
[18] Dkt. 19 at pp. 3-4.
[19] Dkt. 23.
[20] *Richardson v. Stadtman*, 1998 U.S. Dist. LEXIS 17893, at *6 (N.D. Tex. Nov. 9, 1998).
[21] *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997).
[22] Dkt. 5 at ¶ 9.

lack of proper notice of the specific claims that Plaintiff asserts against each LLC Defendant; and Plaintiff's failure to adhere to Rule 8's requirement of a short and plain statement at this early stage of litigation has led to inflammatory allegations and unclear pleadings that will derail efficient discovery and case management before the case has truly begun.[23] Defendants reassert their Motion to Dismiss argument that Plaintiff violates Fed. R. Civ. P. 8 by including hearsay statements that impermissibly lump together the LLC Defendants because the statements do not put Defendants on notice of the allegations against each entity and do not once mention Plaintiff.[24] Further, the statements appear "to have been attached to the Complaint in an effort to obtain further publicity, an inappropriate use of the court's public records."[25]

Defendants have already requested that this Court strike Paragraphs 12 to 14 and 90 to 147 of the FAC, or, in the alternative, the SAC.[26] These allegations are entirely hearsay, and further do not concern or describe any events at the Huddle House -- the actual workplace where Plaintiff worked. Many of them concern an entirely different individual (Thomas Giallonardo) who is *not* a Defendant in this matter and *not* accused of harassing Plaintiff at all. At least one court has stricken hearsay statements from a complaint because they were "scandalous [and] unnecessary to the Complaint" and could otherwise be established "within the parameters of the case itself and in accordance with discovery procedures established by the Federal Rules of Civil Procedure."[27] And contrary to Plaintiff's assertion that these alleged statements were included to corroborate Plaintiff's allegations, "[t]he Fifth Circuit requires that a plaintiff must specifically identify the

---

[23] *See* Dkt. 7-1 at pp. 13-16.
[24] *See* Dkt. 5 at ¶¶ 12-14, 90-147; Dkt. 7-1 at p. 16; *see La. Crawfish Producers Ass'n – W. v. Amerada Hess Corp.*, No. 6:10-0348, 2015 U.S. Dist. LEXIS 154660, 2015 WL 7162602, at *15 (W.D. La. Oct. 20, 2015) (finding in the absence of "specific and particularized allegations against each defendant, [plaintiffs] have not satisfied the pleading requirements of Rule 8, FRCP, *Bell* or *Iqbal* [].".
[25] *Papagolos v. Lafayette Cty. Sch. Dist.*, No. 3:11CV158-D-A, 2012 U.S. Dist. LEXIS 205848, at *4 (N.D. Miss. Apr. 23, 2012).
[26] Dkt. 5 at ¶¶ 12-14, 90-147; Dkt. 16-3 at ¶¶ 12-14, 90-147.
[27] *Papagolos*, 2012 U.S. Dist. LEXIS 205848, at *4.

alleged harassment that she herself experienced, rather than the broad generalizations of harassment in the workplace experienced by others."[28] Accordingly, this Court should not consider the allegations of other employees as they do not affect or concern Plaintiff's sexual harassment claims. None of the allegations contained in Paragraphs 12 to 14 and 90 to 147 of the FAC or the SAC mention Plaintiff or the harassment that she is alleged to have experienced, or alleged harassment in her workplace, so they have no bearing on the case at hand. And references to allegations that Plaintiff could have included in her FAC and the proposed SAC but chose to omit should in no way factor into the Court's determination of whether Plaintiff's claims must be dismissed pursuant to Rules 8 and/or 12(b)(6).[29]

The same is true for Plaintiff's inclusion of alleged tweets by Thomas Giallonardo III.[30] The @LeroyGuillot Twitter account has no relevance to the instant case because it is a private, personal, non-work-related account that does not mention or reference Plaintiff or Huddle House. Further, the alleged screenshots of the account pasted into the FAC were pulled from unknown internet archive websites and not Twitter, so their provenance is unknown.[31] The one case that Plaintiff cites in her Opposition to support her argument that the @LeroyGuillot tweets are relevant is distinguishable because the statements at issue in *Sherif v. Astrazeneca, L.P.*, concerned the promotion of the female plaintiff over a male candidate because of the "overall dealing with

---

[28] *Belcher v. Fluor Enters.*, No. 4:10-cv-3475, 2013 U.S. Dist. LEXIS 18342, 2013 WL 499858, at *24 (S.D. Tex. Feb. 8, 2013) (citing *Celestine v. Petroleos*, 108 F. App'x 180, 188 (5th Cir. 2004); *Septimus v. Univ. of Houston*, 399 F.3d 601, 612 (5th Cir. 2005) (evidence about harassment of others not relevant because plaintiff did not personally experience such conduct)).

[29] *See* Dkt. 19 at pp. 5-6. This is yet another example of Plaintiff's attempt to sensationalize her pleadings. She chose not to include certain allegations in her FAC, and whether or not they are "potentially relevant" has no bearing on the issues raised by Defendants in their Motion to Dismiss. Plaintiff admits that "Plaintiff's counsel chose to keep the complaint focused specifically on gender discrimination rather than other forms of legally-prohibited discrimination, and omitted those allegations," so the Court should not consider unpled allegations any more than it should consider the improperly pled allegations purposely included in the FAC.

[30] Dkt. 5 at ¶¶ 195-208; Dkt. 16-3 at ¶¶ 227-240.

[31] Dkt. 5 at ¶¶ 201-203.

females in the organization," were made by the former President and CEO of the entity that employed the plaintiff and related directly to her employment.[32] That is simply not the case with the @LeroyGuillot tweets. Plaintiff has not alleged that Thomas Giallonardo III showed her tweets from the @LeroyGuillot Twitter account, that she followed that account or that there were discussions about the account—with Thomas Giallonardo III or any other individuals—while she was working at the Huddle House.

## III.   CONCLUSION

Defendants reassert their request that the Court grant their Motion to Dismiss, dismissing Plaintiff's claims against them with prejudice pursuant to Rules 8 and 12(b)(6).[33]

**JACKSON LEWIS P.C.**

*s/ Susan Fahey Desmond*
SUSAN FAHEY DESMOND (T.A.)
La. Bar Roll No. 25380
E-mail:  Susan.Desmond@jacksonlewis.com
GILLIAN G. W. EGAN
La. Bar Roll No. 36842
E-mail: Gillian.Egan@jacksonlewis.com
RACHEL T. GULOTTA
La. Bar Roll No. 37706
E-mail: Rachel.Gulotta@jacksonlewis.com
JACKSON LEWIS P. C.
650 Poydras Street, Suite 1900
New Orleans, Louisiana 70130
Telephone:     (504) 208-1755
Facsimile:     (504) 208-1759

COUNSEL FOR DEFENDANTS,
D'Argent Franchising, LLC, D'Argent
Construction, LLC, D'Argent Companies,
LLC, Justin Giallonardo

4836-3585-5071, v. 4

---

[32] *Sherif v. Astrazeneca, L.P.*, No.. 00-3285, 2002 U.S. Dist. LEXIS 5767, 2002 WL 511501, at *5-7 (E.D. Pa. Apr. 3, 2002).
[33] Fed. R. Civ. P. 8, 12(b)(6); *see generally* Dkt. 7-1.