UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

SAMANTHA WILLIAMS,                     )
                                       )
        Plaintiff,                     )
                                       )
VS.                                    )
                                       )
                                       )    NO.:  21-CV-00017-DCJ-JPM
D'ARGENT FRANCHISING, LLC,             )
D'ARGENT CONSTRUCTION, LLC,            )
D'ARGENT COMPANIES, LLC,               )
JUSTIN GIALLONARDO, and                )
XYZ INSURANCE CO.                      )
                                       )
        Defendants.                    )
                                       )

## DECLARATION OF SUSAN FAHEY DESMOND

I, Susan Fahey Desmond, declare under penalty of perjury as follows:

1) I am over 18 years of age and competent to give this Declaration based upon my personal knowledge.

2) I am serving as counsel of record for all Defendants in this case.

3) I submit this declaration, based upon my personal knowledge, in support of Defendants' Motion for Protective Order.

4) As counsel of record for Defendants, I have personal knowledge of the course of discovery in this case.

5) On March 9, 2021, Plaintiff issued twelve interrogatories to each of the Defendants for a total of 48 interrogatories.  Defendants responded to these interrogatories on April 22, 2021.

6) On March 9, 2021, Plaintiff issued 26 Requests for Admission to each Defendant for a total of 104 Requests for Admission.[1] Defendants responded to these Requests for Admission on April 8, 2021.

7) On March 9, 2021, Plaintiff issued 37 Requests for Production to each Defendant for a total of 148 Requests for Production.[2] Defendants responded to these Requests for Production on April 22, 2021, including a production of 137 pages.

8) Attached as Exhibit A to this declaration are copies of the discovery requests as issued.

9) Throughout the discovery process, Defendants have repeatedly requested that discovery be handled in a reasonable manner, and that Plaintiffs recognize the efforts made by Defendants to reasonably handle discovery. Attached as Exhibit B is an email chain between counsel for Plaintiff and Defendants in this regard.

10) Counsel Defendants have made counsel for Plaintiffs aware that the hard drives, email accounts, and pay information which may be relevant to the discovery requests have been preserved by a third-party e-discovery vendor.

11) Plaintiffs have continued to demand supplemental discovery, including most recently the commencement of costly searches of Defendants' Electronically Stored Information, see Exhibit C, May 10, 2021 email from Plaintiff's counsel, attached hereto.

12) Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___5 / 11 / 2021___    _____
                                    Susan Fahey Desmond

4823-4105-3673, v. 1

---

[1] See Exhibit A.
[2] See Exhibit A.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **SAMANTHA WILLIAMS** | **CASE NO. 1:21-CV-00017** |
| **VERSUS** | **JUDGE JOSEPH** |
| **D'ARGENT FRANCHISING, L.L.C., ET AL.** | **MAGISTRATE JUDGE PEREZ-** |
| **MONTES** | |

## <u>PLAINTIFFS' FIRST SET OF INTERROGATORIES TO JUSTIN GIALLONARDO</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned counsel, hereby request that Justin Giallonardo answer these interrogatories, separately and fully in writing and verified and under oath and to serve their answers upon undersigned counsel within thirty (30) days, in accordance with the law and the definitions and instructions set forth below.

## <u>DEFINITIONS</u>

1.     The term "**identify**" when used in conjunction with a person means to state the person's (1) full name; (2) last known residence and business addresses; (3) last known home and business telephone numbers; and (4) job title.  When used in conjunction with a document, the term "identify" means to state: (1) the title of the document; (2) the date of the document; (3) the author of the document; (4) the name and business address of the present custodian of the document. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

2.     The terms "**document**" or "**documents**" refer to every writing or record of every type or description, including, but not limited to correspondence; receptionist records; notes; faxes including cover sheets; books; papers; contracts; instructions; guides; compilations of rules, regulations, or policies; daybooks; calendars; photographs; emails; messages; drawings; maps; diagrams; charts; graphs; other writings; recording tapes; recording discs; mechanical or electronic



1

information storage or recording elements, text messages, and any other "documents" as the word is defined in Rule 34 of the Federal Rules of Civil Procedure.

3.      The term **"relate"** or **"relating to"** means showing, reflecting, referring to, constituting, evidencing, or concerning in any way all or any portion of the subject matter of the facts, contentions, or matter referenced in the interrogatory.

4.      The term "**person**" means any natural person, group of natural persons, legal entity, corporation, partnership, government agency or board, association, proprietorship, organization, or any other business or entity.

5.      Whenever used herein the singular shall be deemed to include the plural and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine; disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa, and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words

6.      The term "**D'Argent**" standing alone means D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC, together.

## **INSTRUCTIONS**

6.      You are to answer each interrogatory separately, completely and fully, under oath. In the event of an objection to any interrogatory, said objection should clearly indicate to which part or portion of the interrogatory it is directed.

7.      If the information requested by any interrogatory is contained in documents, papers or records in the custody of defendants, you may so indicate and answer that interrogatory by attaching copies of such documents or papers to your answers and by indicating the interrogatory to which those documents or papers are deemed responsive.

8.      These interrogatories call for all information available to the defendants, their employees, and agents with respect to the subject matter into which they inquire. If some information is known by or available to a particular agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided the information with respect to each answer.

9.      If you are unable to answer any interrogatory in full after exercising due diligence to secure the requested information so state, answer to the fullest extent possible, and explain why the interrogatory cannot be answered in full.

10.      If, in responding to any interrogatory, you claim any ambiguity in either interpreting the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

11.      If you object to an interrogatory or to any portion thereof on a claim of privilege or any other basis, the objection must state with particularity the basis of the claim of privilege or other grounds asserted in support of the objection, identify with precision what aspect of the information sought by the interrogatory will not be provided on the basis of that objection, and provide all other information requested by the interrogatory.

12.      These interrogatories are continuing in nature.  As such, Defendants shall supplement any response to these interrogatories as soon as new responsive information is acquired.

## INTERROGATORIES

## INTERROGATORY NO. 1

Identify all your sources of income, and the amounts thereof.

## INTERROGATORY NO. 2

Detail all your assets (including financial assets, real property, moveable property, ownership interests in businesses, etc.) and income from January 1, 2017 to the present.

**INTERROGATORY NO. 3**

Describe your net worth for fiscal years 2017, 2018, 2019, and 2020.

**INTERROGATORY NO. 4**

Identify all bank accounts owned or controlled by you, or that you have access to.

**INTERROGATORY NO. 5**

Identify your relationship to, and percent ownership of, the following entities:

- D'Argent Franchising, LLC
- D'Argent Construction, LLC
- D'Argent Companies, LLC
- DOLLAR GENERAL MANSURA, LLC
- PORT BARRE D.G., L.L.C.
- RUBYWISE D.G., L.L.C.
- HIGHWAY 28 EAST D.G., L.L.C.
- FINKS HIDEAWAY D.G., L.L.C.
- JUSTIN HEIGHTS HOMEOWNER'S ASSOCIATION, INC.
- PO ALEXANDRIA, LLC
- MRF INVESTMENTS, LLC
- FORTUNE AND BONIN, L.L.C.
- WM BLANCHARD LLC
- BR FLORIDA BLVD LLC
- PLAIN DEALING DG, L.L.C.
- EUNICE D.G., L.L.C.
- EUNICE CFC, L.L.C.
- PLACE DU MARCHE, L.L.C.
- IREP - MONTGOMERY MRF, LLC
- STRATMORE, L.L.C.
- BOUTTE SHADOW CENTER, L.L.C.
- SHED ROAD DG, L.L.C.
- AIRLINE DRIVE BOSSIER CITY DG, L.L.C.
- SCHWARTZ D.G., L.L.C.
- VIVIAN D.G., L.L.C.
- LECOMPTE D.G., L.L.C.
- HAUGHTON D.G., L.L.C.
- NATCHITOCHES DG, L.L.C.

**INTERROGATORY NO. 6**

Identify all persons who you believe have any information or knowledge with respect to any facts or matters relating to the numbered allegations in the Complaint or any of your claimed affirmative defenses.  [Note: This interrogatory is broader than the Defendants' Rule 26(a)(1) initial disclosure obligation].  With respect to each person identified, identify and describe what

information you believe each person may possess.

**INTERROGATORY NO. 7**

Identify all phone numbers and email addresses used by Justin Giallonardo in the last five years.

**INTERROGATORY NO. 8**

Explain why, in August 2020, Justin Giallonardo directed one or more managers to change employees to part-time status in Heartland.

**INTERROGATORY NO. 9**

Identify all times Ms. Williams was written up, reprimanded, or disciplined while she worked at Huddle House, and the basis for each write-up, reprimand, or discipline.

**INTERROGATORY NO. 10**

Identify each person whose handwriting is reflected on the "Separation Report" provided as Fig. 2 of R. Doc. 5, and the date one which that handwriting was written.

**INTERROGATORY NO. 11**

Identify the acts constituting "threatening, abusive, or vulgar language" and "insubordination" as described on the "Separation Report" provided as Fig. 2 of R. Doc. 5.

**INTERROGATORY NO. 12**

Identify and describe all investigation(s) you have participated in regarding allegations of sexual harassment, whether as a witness, investigator, or as the person alleged to have participated in sexual harassment. This request includes all investigations, whether conducted by a public investigatory agency, any Defendant in this matter, or any other private entity.

Respectfully submitted,

*/s/ William Most*
William Most, No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
williammost@gmail.com

*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2021, a copy of *Plaintiff's First Set of Interrogatories* was transmitted to counsel for Defendants by email.

5

_/s/ William Most_
**WILLIAM MOST**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

**SAMANTHA WILLIAMS**                    **CASE NO. 1:21-CV-00017**

**VERSUS**                               **JUDGE JOSEPH**

**D'ARGENT FRANCHISING, L.L.C., ET AL.   MAGISTRATE JUDGE PEREZ-
MONTES**

### Plaintiff's First Set of Interrogatories to D'Argent Franchising, LLC,
### Plaintiff's First Set of Interrogatories to D'Argent Construction, LLC, and
### Plaintiff's First Set of Interrogatories to D'Argent Companies, LLC

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned counsel, hereby request that D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC, answer these interrogatories, separately and fully in writing and verified and under oath and to serve their answers upon undersigned counsel within thirty (30) days, in accordance with the law and the definitions and instructions set forth below.

### DEFINITIONS

1.      The term "**identify**" when used in conjunction with a person means to state the person's (1) full name; (2) last known residence and business addresses; (3) last known home and business telephone numbers; and (4) job title.  When used in conjunction with a document, the term "identify" means to state: (1) the title of the document; (2) the date of the document; (3) the author of the document; (4) the name and business address of the present custodian of the document. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

2.      The terms "**document**" or "**documents**" refer to every writing or record of every type or description, including, but not limited to correspondence; receptionist records; notes; faxes including cover sheets; books; papers; contracts; instructions; guides; compilations of rules, regulations, or policies; daybooks; calendars; photographs; emails; messages; drawings; maps;

diagrams; charts; graphs; other writings; recording tapes; recording discs; mechanical or electronic information storage or recording elements, text messages, and any other "documents" as the word is defined in Rule 34 of the Federal Rules of Civil Procedure.

3.      The term **"relate"** or "**relating to**" means showing, reflecting, referring to, constituting, evidencing, or concerning in any way all or any portion of the subject matter of the facts, contentions, or matter referenced in the interrogatory.

4.      The term "**person**" means any natural person, group of natural persons, legal entity, corporation, partnership, government agency or board, association, proprietorship, organization, or any other business or entity.

5.      Whenever used herein the singular shall be deemed to include the plural and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine; disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa, and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words

6.      The term "**D'Argent**" standing alone means D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC, together.

## **INSTRUCTIONS**

6.      You are to answer each interrogatory separately, completely and fully, under oath. In the event of an objection to any interrogatory, said objection should clearly indicate to which part or portion of the interrogatory it is directed.

7.      If the information requested by any interrogatory is contained in documents, papers or records in the custody of defendants, you may so indicate and answer that interrogatory by attaching copies of such documents or papers to your answers and by indicating the interrogatory to which those documents or papers are deemed responsive.

8.      These interrogatories call for all information available to the defendants, their employees, and agents with respect to the subject matter into which they inquire. If some information is known by or available to a particular agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided the information with respect to each answer.

9.      If you are unable to answer any interrogatory in full after exercising due diligence to secure the requested information so state, answer to the fullest extent possible, and explain why the interrogatory cannot be answered in full.

10.     If, in responding to any interrogatory, you claim any ambiguity in either interpreting the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

11.     If you object to an interrogatory or to any portion thereof on a claim of privilege or any other basis, the objection must state with particularity the basis of the claim of privilege or other grounds asserted in support of the objection, identify with precision what aspect of the information sought by the interrogatory will not be provided on the basis of that objection, and provide all other information requested by the interrogatory.

12.     These interrogatories are continuing in nature.  As such, Defendants shall supplement any response to these interrogatories as soon as new responsive information is acquired.

13.     Interrogatories are combined here to D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC, but each entity should answer separately.

## **INTERROGATORIES**

**Interrogatory No. 1 to D'Argent Franchising, LLC**
**Interrogatory No. 1 to D'Argent Construction, LLC**
**Interrogatory No. 1 to D'Argent Companies, LLC**

Identify all your sources of income, and the amounts thereof.

**Interrogatory No. 2 to D'Argent Franchising, LLC**
**Interrogatory No. 2 to D'Argent Construction, LLC**
**Interrogatory No. 2 to D'Argent Companies, LLC**

Detail all your assets (including financial assets, real property, moveable property, ownership interests in businesses, etc.) and income from January 1, 2017 to the present.

**Interrogatory No. 3 to D'Argent Franchising, LLC**
**Interrogatory No. 3 to D'Argent Construction, LLC**
**Interrogatory No. 3 to D'Argent Companies, LLC**

Describe your net worth for fiscal years 2017, 2018, 2019, and 2020.

**Interrogatory No. 4 to D'Argent Franchising, LLC**
**Interrogatory No. 4 to D'Argent Construction, LLC**
**Interrogatory No. 4 to D'Argent Companies, LLC**

Identify all bank accounts owned or controlled by you, or that you have access to.

**Interrogatory No. 5 to D'Argent Franchising, LLC**
**Interrogatory No. 5 to D'Argent Construction, LLC**
**Interrogatory No. 5 to D'Argent Companies, LLC**

Identify your relationship to, and percent ownership of, the following entities:

- D'Argent Franchising, LLC
- D'Argent Construction, LLC
- D'Argent Companies, LLC
- DOLLAR GENERAL MANSURA, LLC
- PORT BARRE D.G., L.L.C.
- RUBYWISE D.G., L.L.C.
- HIGHWAY 28 EAST D.G., L.L.C.
- FINKS HIDEAWAY D.G., L.L.C.
- JUSTIN HEIGHTS HOMEOWNER'S ASSOCIATION, INC.
- PO ALEXANDRIA, LLC
- MRF INVESTMENTS, LLC
- FORTUNE AND BONIN, L.L.C.
- WM BLANCHARD LLC
- BR FLORIDA BLVD LLC
- PLAIN DEALING DG, L.L.C.
- EUNICE D.G., L.L.C.
- EUNICE CFC, L.L.C.
- PLACE DU MARCHE, L.L.C.
- IREP - MONTGOMERY MRF, LLC
- STRATMORE, L.L.C.
- BOUTTE SHADOW CENTER, L.L.C.

- SHED ROAD DG, L.L.C.
- AIRLINE DRIVE BOSSIER CITY DG, L.L.C.
- SCHWARTZ D.G., L.L.C.
- VIVIAN D.G., L.L.C.
- LECOMPTE D.G., L.L.C.
- HAUGHTON D.G., L.L.C.
- NATCHITOCHES DG, L.L.C.

**Interrogatory No. 6 to D'Argent Franchising, LLC**
**Interrogatory No. 6 to D'Argent Construction, LLC**
**Interrogatory No. 6 to D'Argent Companies, LLC**

Identify when, how, and by whom the @LeroyGuillot twitter account was disabled or deleted.

**Interrogatory No. 7 to D'Argent Franchising, LLC**
**Interrogatory No. 7 to D'Argent Construction, LLC**
**Interrogatory No. 7 to D'Argent Companies, LLC**

Identify any time one of your managers, owners, or employees has been reprimanded, written-up, or disciplined for sexual harassment or sexually inappropriate conduct.

**Interrogatory No. 8 to D'Argent Franchising, LLC**
**Interrogatory No. 8 to D'Argent Construction, LLC**
**Interrogatory No. 8 to D'Argent Companies, LLC**

Provide last-known contact information for all persons identified in Plaintiff's or Defendants' initial disclosures.

**Interrogatory No. 9 to D'Argent Franchising, LLC**
**Interrogatory No. 9 to D'Argent Construction, LLC**
**Interrogatory No. 9 to D'Argent Companies, LLC**

Identify any facts that form the basis for your contention that D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC do not operate together as an integrated enterprise.

**Interrogatory No. 10 to D'Argent Franchising, LLC**
**Interrogatory No. 10 to D'Argent Construction, LLC**
**Interrogatory No. 10 to D'Argent Companies, LLC**

Identify any actions you have taken to prevent and correct any sexually harassing behavior by any of your employees, managers, or owners.

**Interrogatory No. 11 to D'Argent Franchising, LLC**
**Interrogatory No. 11 to D'Argent Construction, LLC**
**Interrogatory No. 11 to D'Argent Companies, LLC**

Identify when you received the preservation letter that identified "All social media of all executives, including but not limited to twitter.com/LeroyGuillot" as among the evidence requested to be preserved.

**Interrogatory No. 12 to D'Argent Franchising, LLC**
**Interrogatory No. 12 to D'Argent Construction, LLC**
**Interrogatory No. 12 to D'Argent Companies, LLC**

Identify and describe in detail your complaint and reporting policies and procedures, including all those involved, for suspected or reported incidents of sexual harassment involving employees, managers, and/or owners.

Respectfully submitted,

*/s/ William Most*
William Most, No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
williammost@gmail.com

*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2021, a copy of *Plaintiff's First Set of Interrogatories* was transmitted to counsel for Defendants by email.

/s/ William Most
**WILLIAM MOST**

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SAMANTHA WILLIAMS               CASE NO. 1:21-CV-00017

VERSUS                                JUDGE JOSEPH

D'ARGENT FRANCHISING, L.L.C., ET AL.    MAGISTRATE JUDGE PEREZ-
MONTES

### PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO ALL DEFENDANTS

NOW INTO COURT, through undersigned counsel, comes Plaintiff, who puts forth the following Request for Admissions to all Defendants, pursuant to Fed R. Civ. P. 36 and Local Rule 36.1.  Failure to respond within thirty (30) days of receipt of these requests shall be deemed an admission.

**Instructions**

1.  The term "**D'Argent**" standing alone means D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC, together.

2.  If the answer for any Defendant is different than any other Defendant, provide the answer for each defendant.

**REQUEST FOR ADMISSION No. 1:**

Justin Giallonardo made an effort to date Samantha Williams.

**REQUEST FOR ADMISSION No. 2:**

Justin Giallonardo made an effort to have sex with Samantha Williams.

**REQUEST FOR ADMISSION No. 3:**

In November 2019, Justin Giallonardo invited Samantha Williams to his home.

**REQUEST FOR ADMISSION No. 4:**

On August 18, 2020 Ms. William's separation notice, with the Reason for Separation being "Resigned/Quit" was submitted to the Louisiana Workforce Commission.

**REQUEST FOR ADMISSION No. 5:**

Thomas Giallonardo III operated the @LeroyGuillot Twitter account

**REQUEST FOR ADMISSION No. 6:**

On June 30, 2020, at least some Defendants received a preservation letter that identified "All social media of all executives, including but not limited to twitter.com/LeroyGuillot" as among the evidence that should be preserved.

**REQUEST FOR ADMISSION No. 7:**

Justin Giallonardo has directed employees to create fake reviews for D'Argent online.

**REQUEST FOR ADMISSION No. 8:**

At least once, D'Argent managers required a female employee to wash bedding.

**REQUEST FOR ADMISSION No. 9:**

The @LeroyGuillot Twitter account was deactivated or deleted by Thomas Giallonardo III or at his direction.

**REQUEST FOR ADMISSION No. 10:**

Please admit the fact that on August 11, 2020, Justin Giallonardo met with Richard Molina.

**REQUEST FOR ADMISSION No. 11:**

Please admit the fact that on August 11, 2020, Justin Giallonardo recorded a conversation with Richard Molina.

**REQUEST FOR ADMISSION No. 12:**

Please admit the fact that on September 8, 2020, Richard Molina was made General Manager of Huddle House.

**REQUEST FOR ADMISSION No. 13:**

Please admit the fact that in September 2020, Richard Molina was made General Manager of Huddle House.

**REQUEST FOR ADMISSION No. 14:**

Please admit the fact that on September 23, 2020, Richard Molina was terminated from D'Argent employment.

**REQUEST FOR ADMISSION No. 15:**

Please admit the fact that on October 15, 2020, in email from William Most, subject line "Serrano and Setliff Position Paper," Richard Molina was identified as a witness in a potential lawsuit against D'Argent.

**REQUEST FOR ADMISSION No. 16:**

Please admit the fact that the October 15, 2020 email from William Most, subject line "Serrano and Setliff Position Paper," was the first time you were aware Richard Molina was identified as a witness in a potential lawsuit against D'Argent.

**REQUEST FOR ADMISSION No. 17:**

Please admit the fact that on October 22, 2020, a D'Argent employee reported Richard Molina to the Pineville Police Department.

**REQUEST FOR ADMISSION No. 18:**

Please admit the fact that Justin Giallonardo directed Susan Kelley to report Richard Molina to the police.

**REQUEST FOR ADMISSION No. 19:**

Please admit the fact that D'Argent did not report Richard Molina to the police until after he was identified as a witness in a potential lawsuit against D'Argent.

**REQUEST FOR ADMISSION No. 20:**

in August 2020, Justin Giallonardo directed one or more managers to change employees to part-time status in Heartland.

**REQUEST FOR ADMISSION No. 21:**

Samantha Williams resigned on August 16, 2020.

**REQUEST FOR ADMISSION No. 22:**

During Ms. Williams' period of employment at Huddle House, Justin Giallonardo was the primary human resources officer for D'Argent Franchising, L.L.C.

**REQUEST FOR ADMISSION No. 23:**

Justin Giallonardo was Ms. Williams' supervisors' supervisor.

**REQUEST FOR ADMISSION No. 24:**

D'Argent Franchising, L.L.C. is engaged in an industry affecting commerce.

**REQUEST FOR ADMISSION No. 25:**

D'Argent Franchising, L.L.C. had fifteen or more employees for each working day in each of twenty or more calendar weeks in 2020.

**REQUEST FOR ADMISSION No. 26:**

D'Argent Franchising, L.L.C. currently has fifteen or more employees.

Respectfully submitted,

*/s/ William Most*
William Most, No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
williammost@gmail.com

*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2021 a copy of *Plaintiff's First Request for Admissions* was transmitted to counsel for Defendants by email.

*/s/ William Most*

4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

SAMANTHA WILLIAMS                    CASE NO. 1:21-CV-00017

VERSUS                               JUDGE JOSEPH

D'ARGENT FRANCHISING, L.L.C., ET AL.    MAGISTRATE JUDGE PEREZ-
MONTES

<u>**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**</u>

 Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by and through undersigned counsel, hereby request that Defendants produce the following documents for inspection and copying within thirty (30) days of service at the offices of Plaintiff's counsel, in accordance with the definitions and instructions below.  Production in electronic form is permissible and preferred.

**DEFINITIONS**

 For the purpose of these Requests for Production, the following terms are used as defined immediately below:

1. "**Person**" or "**persons**" mean, unless otherwise specified, any natural person, firm, corporation, labor organization, partnership association, joint venture, group or association and any other form of business organization, entity, or arrangement.

2. "**Document**" or "**documents**" mean all writings, of any form, kind, character or description including, but not limited to:  the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise; correspondence; receptionist records; letters; memoranda; notes; diaries; statistics; telegrams; minutes; transcripts; contracts; agreements; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; books; prospecti; inter-office and intra-office communications; offers; notations of any sort of conversation, telephone calls, meetings or other communications; bulletins; printed matter; invoices; worksheets; pleadings; motions, legal memoranda; all drafts, alteration modifications,

1

changes, and amendments of any of the foregoing; questionnaires; opinions; statements; graphic and oral representations of any kind, including without limitation photographs, charts, microfilm, computer software, and electronic recordings, such as tapes, diskettes, or cassettes or any tangible thing, however produced or reproduced.  A draft or non-identical copy is a separate Document within the meaning of this term.  Where there is any question about whether a tangible item otherwise described in this request falls within the definition of Document or Documents, such tangible item shall be produced.

3.      "**All documents**" means every document (as defined above) known to defendant and every such document that can be located or discovered by reasonably diligent efforts.

4.      "**Plaintiff**" refers to Bradford Skinner, named in this action, unless the context indicates or specifies otherwise.

5.      "**Defendant**," "**you**," "**your**," or "**yourself**" refers to all Defendants in the above-captioned action, their agents, subordinates and employees, unless the context indicates or specifies otherwise, and shall be deemed to mean each and every legal representative, agent, employee, attorney, accountant, advisor and all other persons acting or purporting to act on your/their behalf or under your/their control to the extent that any of those persons have knowledge of or participated in any of the matters related to the allegations in the Complaint or to any of your defenses.

6.      "**Employed**" or "**employment**" means any work or services provided or performed in connection with any direct employment, indirect employment, contract employment, independent contractor relationship, outsourcing employment, temporary employment and/or staffing services employment.  It also means any volunteer work.

7.      "**Communication**" and "**communications**" means, without limitation, any oral, written or electronic transmission of information, including but not limited to:  (1) any written letter, memorandum, handbill, leaflet, brochure, note, e-mail, telegram, telecopy, facsimile, text message, or other document, including in electronic form; (2) any telephone call by or with you, or between

you and two or more persons, or between you and any other person, whether or not such call was by chance or prearranged, formal or informal; and (3) any meeting by or with you, or between you and two or more persons, or between you and any other person, whether or not such contact was by chance or prearranged, formal or informal.

8.      "**Meeting**" and "**meetings**" mean, unless otherwise specified, any coincidence of presence of two or more persons whether or not such coincidence of presence was by chance or prearranged, formal or informal.

9.      "**Identify,**" "**identity,**" and "**identification**" when used in reference to a person, mean the name, relationship to defendant and last known address and telephone number of such person; and when referring to a natural person, additionally, the race and sex of the person and the name, address, and telephone number of such person's last known place of employment and/or business. Once a person has been identified in compliance with this paragraph, only the name of that Person need be listed in response to later discovery requesting the identification of that person.  The term "Identify" as it relates to an employer, supplier, or other business or entity means to state the entity's name, address and telephone number.

10.     "**Identify,**" "**identity,**" and "**identification**", when used in reference to documents, reports, or tangible items, mean to set forth the following information:  (i) a general description of the document (e.g., letter, memorandum, report, etc.); (ii) the names and addresses of the author or creator and all person(s) copied; (iii) the date of the document; (iv) a brief description of its contents and subject matter; and (v) the identity of persons in possession, custody and/or control of the item.

11.      "**Relate**," "**Related**," "**Relating to**" or any variation thereof are to be used in their broadest sense and shall mean to: concern, contain, embody, describe, explain, mention, refer to, discuss, involve, support, evidence, reflect, deal with, consist of, represent, constitute, emanate from, be directed at or in any way to pertain, in whole or in part, to the subject.

12.     "**Complaint**" means the most recent complaint filed in the above-captioned case.

13.      "**Any,**" "**all,**" "**each,**" and "**every**" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of their scope.

14.     "**Or**" shall be understood to include "**and**;" and "and" shall be understood to include "or."

15.     As used herein, use of the present tense shall also be read to include the past tense and vice versa.

16.     As used herein, the use of the singular shall also be read to include the plural and vice versa.

17.     The term "**D'Argent**" standing alone means D'Argent Franchising, LLC, D'Argent Construction, LLC, and D'Argent Companies, LLC, together.

## <u>INSTRUCTIONS</u>

1.     The responsive documents should be produced in the manner prescribed by Rule 34 of the Federal Rules of Civil Procedure.

2.     In responding to these requests, you shall produce all responsive documents that are in your possession, custody, or control or in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, members, or affiliates, or any of your respective agents, employees, attorneys, accountants, or other representatives.  A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.  If you are unaware of the existence of any documents responsive to a particular request, you should expressly so indicate.

3.     Each request for documents seeks production of documents in their entirety, without abbreviation or expurgation, including all attachments, or other matters affixed thereto, regardless of whether you consider the entire document to be relevant or responsive to these requests.

4.     In responding to these requests, you shall produce all responsive documents available at the time of production and you shall supplement your responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

5.     In providing the documents called for by these requests, you shall produce them as they are kept in the usual course of business or organize and label them to correspond with the categories to which they relate.

6.     All pages now stapled or fastened together should be produced stapled or fastened together and all documents that cannot be legibly copied should be produced in their original form.

7.     Any documents not otherwise responsive to these requests shall be produced if such documents refer to, relate to, or explain the documents called for by these requests or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

8.     If any responsive document was, but is no longer in your possession or subject to your control, state whether it is: (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others; or (iv) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian and the circumstances surrounding such disposition.

9.     Where responsive documents are partly or wholly in a language other than English, state whether any translation of the non-English language information exists and, if so, provide both the non-English language information and its English translation.

10.    If any document is withheld on the basis of any claim of privilege or otherwise, please provide in writing the following information about each such document: (i) its date; (ii) the full name, position, address and telephone number of its author; (iii) the full name, position, address and telephone number of each person who received the document or copies thereof; (iv) the subject matter of the document; (v) the type of document (e.g., memorandum, letter, etc.); and (vi) the

nature of the privilege claimed and the grounds on which it is claimed (e.g., attorney/client privilege, work product doctrine, etc.).

11.    If any document is withheld on the basis of any claim of privilege or otherwise, please produce all other documents that are not subject to a claim of privilege, and produce any portion of such withheld document which does not set forth privileged information.

12.    Any words, terms, and phrases not specifically defined in these document requests shall be given their normal and customary meaning in the context in which they are used in these requests.

13.    If any responsive document has been modified or altered in any way, in whole or in part, please identify each such document, state how the document was modified or altered, the person who modified or altered it, and why the document was modified or altered.

14.    Any reference to any corporation or entity (including attorneys and law firms) includes its predecessors, successors, subsidiaries, divisions, members, partnerships, limited partnerships, related parties, joint ventures, or affiliates and any present and former officers, directors, employees, agents, representatives, attorneys, accountants, advisers, and all other persons acting or purporting to act on its behalf, or under its control.

15.    If in answering these requests you claim any ambiguity in interpreting either the requests or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

16.    If, and to the extent that, any potentially responsive documents are not reviewed for production on grounds that such review is restricted or prohibited by law, state specifically: (i) what categories of potentially responsive Documents have not been reviewed (identifying the names of the custodians of such Documents, the anticipated date range of such Documents, and the anticipated nature and topics of such Documents); (ii) the legal restriction or prohibition

asserted; and (iii) whether the custodian has been requested to consent to review of those Documents.

17.     Unless otherwise specified, all requests that refer to a time period include all documents and information that relate to that period, even though prepared or published outside that period.

18.     If responsive documents are ESI, you are to provide them in both native and Bates-stamped formats.

## **DOCUMENT REQUESTS**

Please produce:

1.  All employee handbooks, company policy manuals, and/or personnel manuals in effect from April 2019 to the present.

2.  All contracts between any Defendant and Plaintiff.

3.  All Defendants' tax returns for all years 2018 to the present.

4.  All documents reflecting a summary of all Defendants' assets and liabilities, in any of the years 2018 to the present.

5.  All documents reflecting each Defendants' net worth, in any of the years 2018 to the present.

6.  All documents reflecting any real property owned by any Defendant.

7.  All documents, including audio recordings, provided to the Pineville Police Department regarding Richard Molina.

8.  All correspondence with the Pineville Police Department regarding Richard Molina.

9.  All photographs, films, videotapes, or audio recordings of Plaintiffs, which are in Defendants' possession, custody or control.

10. All documents reflecting, indicating or relating to any statements taken or received by Defendant, its attorneys or representatives, from any person who has information or knowledge relating to the events alleged in Plaintiffs' complaint.

11. All lists of D'Argent employees from January 1, 2019 to the present.

12. All Sam's Club cards or memberships for any D'Argent entity, from 2018 to the present.

13. All applications for Sam's Club cards or memberships for any D'Argent entity, from 2018 to the present.

14. All correspondence between D'Argent's counsel and the Louisiana State Police, the Baton Rouge sex crimes unit, and the Lafayette Parish Sheriff's Office sex crimes unit, regarding any named Plaintiff.

15. All correspondence, including emails and text messages, between Justin Giallonardo and Jordyn McCree.

16. All documents obtained as a result of releases and/or subpoenas relating to this case.

17. All documents related to Defendants' affirmative defenses and/or which Defendants believe support any of its affirmative defenses.

18. All documents reflecting evidence of ownership, control, or management of Defendants.

19. All documents reflecting the number of employees of Defendants, including government report forms reflecting the number of employees.

20. All documents that evidence the terms and conditions of Plaintiffs' employment with Defendant, including any written contracts and/or agreements of any nature between Plaintiffs and Defendants and all company and personnel manuals, employee handbooks, and memos that Defendant provided to Plaintiffs.

21. Any and all documents Defendant intends to use in defense of Plaintiffs' claims in the Complaint.

22. Any and all documents in Defendant's possession identified in the Defendants' Rule 26(a)(1) disclosures.

23. Any and all documents Defendant relied upon as a basis for responding to Plaintiffs' Interrogatories to Defendant.

24. All EEOC charges naming D'Argent Franchising, LLC, D'Argent Construction, LLC, or D'Argent Companies, LLC, as a responding party.

25. All written complaints of sexual harassment at D'Argent.

26. All internal investigations regarding allegations of sexual harassment at D'Argent.

27. All documents related to the reason why, in August 2020, Justin Giallonardo directed one or more managers to change employees to part-time status in Heartland.

28. All emails and text messages between any D'Argent owner and any current or former D'Argent employer or worker containing the following terms: "update heartland", "Dominican", "Sam", "punkin", "little lady", "doodle bug", "dinner date", "ass", "sex", "fuck", "sugar daddy", "sugar baby", "pussy", "boobs", "butt", "cunt," "LeroyGuillot", "Leroy Guillot", "whores", "dick."

29. All documents on D'Argent computers in which Justin Giallonardo writes or records sexually-explicit fantasies or stories.

30. All documents on D'Argent computers with the word "tits", "ass", "sex", "fuck", "sugar daddy", "sugar baby", "hard on", "boobs", "butt", "cunt," "pussy," "whores", "dick", "LeroyGuillot", "Leroy Guillot", or "fetish."

31. All "Requirements for Wife" documents, in native format.

32. All documents related to Ms. William's Termination or Resignation, in native format.

33. All documents reflecting reprimands, write-ups, or discipline based on any D'Argent manager, owner, or employer engaging in sexual harassment.

34. All complaints (including resignation letters) complaining of verbal or emotional abuse, sexual harassment, or hostile work environment.

35. Any organizational charts or graphic depictions of employees at D'Argent Franchising, LLC, D'Argent Construction, LLC, or D'Argent Companies, LLC.

36. All charts or documents reflecting the work assignments of employees of D'Argent Franchising, LLC, D'Argent Construction, LLC, or D'Argent Companies, LLC.

37. The "Twitter Archive" for any Twitter account controlled by Thomas Giallonardo III.[1]

Respectfully submitted,

*/s/ William Most*
William Most, No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
williammost@gmail.com

*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2021, a copy of *Plaintiff's First Request for Production of Documents* was transmitted to counsel for Defendants by email.

*/s/ William Most*

---

[1] A description of how to download and view one's Twitter archive is available at https://support.twitter.com/articles/20170160-downloading-your-twitter-archive#

| | |
|---|---|
| **From:** | Egan, Gillian G.W. (New Orleans) |
| **Sent:** | Tuesday, April 6, 2021 5:16 PM |
| **To:** | Kenneth Bordes |
| **Cc:** | William Most; Caroline Gabriel; Desmond, Susan Fahey (New Orleans); Gulotta, Rachel T. (New Orleans) |
| **Subject:** | RE: Defendants' responses to Interrogatories |

Kenny –

We will not agree to equitable tolling, particularly not of an overly broad proposed "collective" of people who are not similarly situated as they work at a Huddle House, CCs Coffee, construction and in an office, in completely unrelated jobs with completely separate management structures. I mentioned *Swales* in our 26(f) conference and we discussed it in emails in February – you were welcome to approach us about the *Swales* issue and overturn of *Lusardi* any time, as collective certification is Plaintiffs' burden.

We are not refusing to answer your 260 RPDs – I can supply written responses and objections and some limited documents that we have access to in the next few days. Per the federal rules, we will need to meet and confer over search terms for ESI – another item you were welcome to bring up initially. No one is dragging their feet – these are complicated cases with 3 Plaintiffs and 5 Defendants, concerning over 300 paragraphs of allegations between the two cases. We are the second counsel on the matter, not assigned until late January. Pursuant to Plaintiffs' priorities expressed in February and March, we worked initially on document preservation, the name of the insurer, contact with former D'Argent employees, chasing down the Huddle House terminal issues, inquiring about W-2s, and then dealing with subpoenas and motions practice. As for discovery, we have answered 185 Requests for Admissions and 65 Interrogatory Requests already in the FLSA matter, and are also working on responses to the 260 RPDs in the FLSA matter as well as 185 RPDs, 48 Interrogatories, and 104 Requests for Admissions for the Title VII matter. We have been responsive and active in litigating this matter – we are simply managing all of Plaintiffs' requests in a manner that is reasonable and feasible.

Gill

**Gillian G. Egan**
Attorney at Law
**Jackson Lewis P.C.**
650 Poydras Street Suite 1900
New Orleans, LA 70130
Direct: (504) 208-5859 | Main: (504) 208-1755 | Mobile: (251) 214-2769
Gillian.Egan@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

**From:** Kenneth Bordes <kcb@kennethbordes.com>
**Sent:** Tuesday, April 6, 2021 1:07 PM
**To:** Egan, Gillian G.W. (New Orleans) <Gillian.Egan@jacksonlewis.com>
**Cc:** William Most <williammost@gmail.com>; Caroline Gabriel <caroline.gabriel.ma@gmail.com>; Desmond, Susan Fahey (New Orleans) <Susan.Desmond@jacksonlewis.com>; Gulotta, Rachel T. (New Orleans) <Rachel.Gulotta@jacksonlewis.com>
**Subject:** Re: Defendants' responses to Interrogatories



EXHIBIT

B

[EXTERNAL SENDER]

Gillian,

In light of your emails today and the discovery deficiencies, I am circling back to our multiple requests for a tolling agreement.

A class definition was provided in our Complaint filed 11/21/20, requests to discuss conditional certification and tolling stipulations have been made multiple times through prior and current counsel, and discovery was tendered on 2/24/21 and remains largely unanswered and objected to. Now, after discovery has been due for two weeks, Defendants are requesting motion practice and are seeking to "discuss search terms, custodians, and date ranges for appropriate ESI" and conditional certification under *Swales*.

It appears evident from the lack of responses to Plaintiffs' Interrogatories, and the refusal to respond to RPD's, that Defendants' are trying to drag out the clock on Putative Class Members' rights.

Seeing as you object to our class definition and request for discovery, we are again asking if your clients will agree to tolling agreement in lieu of motion practice?


Speak soon,

Kenny



# Kenneth C. Bordes, Attorney at Law, L.L.C.

4224 Canal St. • New Orleans • LA • 70119

P: 504.588.2700 • F: 504.708.1717 • E: kcb@kennethbordes.com

Licensed in Louisiana and New York

**www.KennethBordes.com**

---

**NOTICE: THIS BLOCK DOES NOT AND IS NOT INTENDED TO CONSTITUTE AN ELECTRONIC SIGNATURE PURSUANT TO E-SIGN 15 USC 7001 et. seq.**

**This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected.  If you are not the intended recipient you are hereby notified that any review, disclosure, copying, dissemination, distribution or other use of this communication is STRICTLY PROHIBITED.  If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system.**


On Tue, Apr 6, 2021 at 12:20 PM Egan, Gillian G.W. (New Orleans) <Gillian.Egan@jacksonlewis.com> wrote:

Also – I've got a couple of protective orders (one for each matter) that I am going to prepare and circulate for us to try to agree upon – I think we all agree that the wage and personnel information should be protected.  And if you all would like to put together a draft set of custodians/search terms/dates, we can begin negotiating the ESI parameters so we can prepare to run a search.  Since we have the same sets of lawyers and same judge for both the Title VII case and the FLSA case, I would like to have a single combined ESI protocol for both matters so my team only has to do a single search of potentially relevant material to place in our hosting database for review and production.  We will produce everything separately in the separate matters, but I think the initial search can be combined.  Let me know thoughts.

Gill

**Gillian G. Egan**
Attorney at Law
**Jackson Lewis P.C.**
650 Poydras Street Suite 1900
New Orleans, LA 70130
Direct: (504) 208-5859 | Main: (504) 208-1755 | Mobile: (251) 214-2769
Gillian.Egan@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

**From:** William Most <williammost@gmail.com>
**Sent:** Tuesday, April 6, 2021 12:07 PM
**To:** Egan, Gillian G.W. (New Orleans) <Gillian.Egan@jacksonlewis.com>
**Cc:** Caroline Gabriel <caroline.gabriel.ma@gmail.com>; Kenneth Bordes <kcb@kennethbordes.com>; Desmond, Susan Fahey (New Orleans) <Susan.Desmond@jacksonlewis.com>; Gulotta, Rachel T. (New Orleans) <Rachel.Gulotta@jacksonlewis.com>
**Subject:** Re: Defendants' responses to Interrogatories

**[EXTERNAL SENDER]**

Gillian,

Would you be free anytime Monday for the meet-and-confer? Kenny is available that day.

Thank you!

William

On Mon, Apr 5, 2021 at 7:59 PM Egan, Gillian G.W. (New Orleans) <Gillian.Egan@jacksonlewis.com> wrote:

Attached please find Defendants' responses to Plaintiffs' Interrogatories. As for the Requests for Production, before we can supply those objections and responses we should discuss how to handle certification of the collective in light of *Swales*. I have recently handled the issue in another matter by filing what we called a *Swales* motion, which determined preliminary discovery regarding the facts material to the question of whether and who is similarly situated. We would also like to discuss search terms, custodians, and date ranges for appropriate ESI, as we will be required to conduct searches in order to answer some of these and would like to limit having to go back for multiple searches. I am taking a deposition on Friday but have wide availability Thursday –


Gill



**Gillian G. Egan**
Attorney at Law
**Jackson Lewis P.C.**
650 Poydras Street Suite 1900
New Orleans, LA 70130
Direct: (504) 208-5859 | Main: (504) 208-1755 | Mobile: (251) 214-2769
Gillian.Egan@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

| | |
|---|---|
| **From:** | William Most <williammost@gmail.com> |
| **Sent:** | Monday, May 10, 2021 10:21 PM |
| **To:** | Egan, Gillian G.W. (New Orleans) |
| **Cc:** | to: Kenneth Bordes; Caroline Gabriel; Desmond, Susan Fahey (New Orleans); Gulotta, Rachel T. (New Orleans) |
| **Subject:** | Re: D'Argent FLSA: Monday's Meet and Confer |

**[EXTERNAL SENDER]**

Gill,

Could you let us know if you intend to provide the ESI proposal?

Thank you,

William

On Tue, May 4, 2021 at 9:19 PM William Most <williammost@gmail.com> wrote:

Gillian,

Attached are some clarified discovery requests, as we discussed. We agreed that if there are still obstacles to answering them, you would meet and confer with us in short order.

You committed to us to providing a ESI proposal by April 14. That was more than two weeks ago. When can we expect that proposal?

Thank you,

William

On Fri, Apr 16, 2021 at 12:52 PM Egan, Gillian G.W. (New Orleans) <Gillian.Egan@jacksonlewis.com> wrote:

Most of this is close but some not quite right. I am defending an OSHA inspection all day today, but should be able to circulate a response this weekend.

**Gillian G. Egan**
Attorney at Law
**Jackson Lewis P.C.**
650 Poydras Street Suite 1900
New Orleans, LA 70130
Direct: (504) 208-5859 | Main: (504) 208-1755 | Mobile: (251) 214-2769
Gillian.Egan@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications



**From:** William Most <williammost@gmail.com>
**Sent:** Wednesday, April 14, 2021 2:59 PM
**To:** Egan, Gillian G.W. (New Orleans) <Gillian.Egan@jacksonlewis.com>
**Cc:** to: Kenneth Bordes <kcb@kennethbordes.com>; Caroline Gabriel <caroline.gabriel.ma@gmail.com>; Desmond, Susan Fahey (New Orleans) <Susan.Desmond@jacksonlewis.com>; Gulotta, Rachel T. (New Orleans) <Rachel.Gulotta@jacksonlewis.com>
**Subject:** Re: D'Argent FLSA: Monday's Meet and Confer

[EXTERNAL SENDER]

Gillian,


Below are my and Caroline's notes on what we discussed and agreed to in our meet and confer. We generally covered the topics in the meet-and-confer letter we sent, plus the ESI issue. The goal here is to make sure we are on the same page, not to twist anything you said. So if you think this is not what you said or agreed to, please let us know.

- Defendants had not started on the non-ESI FLSA RFPs, but will provide the responses and documents by April 28, 2021.

- Defendants will provide verification pages by the end of this week.

- Defendants will stand on their objections to the income and asset information discovery requests. We explained that the information is discoverable and relevant to punitive damages. You acknowledged that this was true in principal, but you thought that the discovery on these topics should occur at the "damages phase" or after settlement discussions.

- Regarding FLSA Interr. No. 10, which references "Plaintiffs' wage information is available from pay documents produced in discovery", you explained this would be provided in the RFP responses that are soon to be produced.

- Regarding the *Swales* objections, the parties did not agree. I believe Defendants' position to be that *Swales* means that Defendants do not have to produce any information regarding non-named plaintiffs prior to a collective certification order from the Court. And also that Defendants do not have to respond to discovery requests that might evidence a pattern of FLSA violations, like FLSA Franchising Interr. # 13, which asks about complaints regarding pay at D'Argent. Is that a fair summary of your position?

    o Defendants indicated that they would ask the Court for some guidance on this topic at the April 13 hearing. (Note: Susan declined to do so, although I invited her to.)

- Gillian will circulate by April 14 a proposal regarding ESI for the two cases, including custodians and databases to search, as well as search terms.

- Regarding the RFA and interrogatory responses we identified as non-responsive, Plaintiffs' counsel will attempt to provide more specificity and limitation and repropound the requests. You agreed that we could meet and confer about any issues with them shortly thereafter, rather than waiting another 30 days.

- Defendants counsel indicated that D'Argent had no written overtime policies. Plaintiffs pointed out that there are some in the handbook we have. Defendants counsel suggested that that document hasn't appeared in her search. Defendants' counsel would not answer whether or not D'Argent may have had oral overtime policies.

Thank you,

William

On Fri, Apr 9, 2021 at 12:47 PM William Most <williammost@gmail.com> wrote:

Attached is a revised letter to include two issues to discuss about the Title VII RFAs on Monday at 2:00pm

Thank you!

On Wed, Apr 7, 2021 at 11:03 PM William Most <williammost@gmail.com> wrote:

Apologies, Gillian, could we do 2:00pm instead? A conflict popped up!

On Wed, Apr 7, 2021 at 8:28 PM Egan, Gillian G.W. (New Orleans) <Gillian.Egan@jacksonlewis.com> wrote:

That time works for me.

**Gillian G. Egan**
Attorney at Law
**Jackson Lewis P.C.**
650 Poydras Street Suite 1900
New Orleans, LA 70130
Direct: (504) 208-5859 | Main: (504) 208-1755 | Mobile: (251) 214-2769
Gillian.Egan@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications

**From:** William Most <williammost@gmail.com>
**Sent:** Wednesday, April 7, 2021 8:27 PM
**To:** Egan, Gillian G.W. (New Orleans) <Gillian.Egan@jacksonlewis.com>; to: Kenneth Bordes <kcb@kennethbordes.com>; Caroline Gabriel <caroline.gabriel.ma@gmail.com>; Desmond, Susan Fahey (New

Orleans) <Susan.Desmond@jacksonlewis.com>; Gulotta, Rachel T. (New Orleans)
<Rachel.Gulotta@jacksonlewis.com>
**Subject:** D'Argent FLSA: Monday's Meet and Confer


[EXTERNAL SENDER]

Dear All,


Let's plan on Monday, April 12, 2021, at 1:00pm for the D'Argent FLSA discovery meet and confer. Attached are a list of topics to go over. We can also go over the ESI topics you have raised. I think it's a good idea to come up with a ESI protocol for both cases, as that will likely save work. I would note that search terms are suggested in the RPDs in both cases.


We can use the following conf. line.


     Dial-in Number: (425) 436-6260

     Access Code: 5710095


Thank you!


William


--

William Most

Most & Associates

mostlawoffice.com

(504) 509-5023