UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SAMANTHA WILLIAMS     CASE NO. 1:21-CV-00017

VERSUS     JUDGE DAVID C. JOSEPH

D'ARGENT FRANCHISING, L.L.C., ET AL.     MAG. JOSEPH H.L. PEREZ-MONTES

## Plaintiff's Opposition to Motion for Protective Order

NOW INTO COURT, through counsel, comes Plaintiff Samantha Williams, to oppose Defendants' Motion for Protective Order. R. Doc. 61-1.

### I. Introduction

Defendants' Motion for Protective Order to stay discovery should be denied because the Defendants have not shown good cause and because there will be great prejudice to Ms. Williams if discovery is halted completely. While Plaintiff contends the Original Complaint (R. Doc. 5) should survive Defendants' Motion to Dismiss (R. Doc. 7), Plaintiff already has a Motion for Leave to Amend currently pending before this Court. R. Doc. 16. Defendants filed their Motion to Strike both the Complaint and the proposed First Amended Complaint (R. Doc. 16-3), arguing that certain allegations are immaterial, impertinent and scandalous. None of these motions will end litigation in this matter, thus there is no threshold issue that must be decided before discovery can continue. Pending motions are not alone grounds for a protective order and the Defendants have not shown specific facts sufficient for good cause.

Further, Ms. Williams will be prejudiced if discovery is stayed. The Defendants are requesting a blanket stay to all discovery for an indeterminate amount of time. Defendants have already responded to many of Ms. Williams' discovery requests and fail to explain how continuing to respond is overly burdensome or expensive. Ms. Williams, on the other hand, will be prejudiced

1

if this motion is granted as she cannot proceed to collect information pertinent to her claims. The Defendants are only attempting to stop the momentum of this case to disadvantage Ms. Williams.

The motion for protective order and for a stay of discovery be denied.

## II.     Legal Standard for a Motion for Protective Order and Stay

Federal Rule of Civil Procedure 26(c)(1) states that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" To show good cause for a protective order, "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1325-26 n. 3 (5th Cir. 1978). Where there is even a chance that a stay will prejudice one party, the proponent of the motion "bears the burden of showing 'a clear case of hardship or inequity.'" *Kostmayer Constr., LLC v. Impala Warehousing (U.S.) LLC*, NO. 12-2104 at 4 (E.D. La. 2012) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). "No federal or local rule, statute, or binding case law automatically stays discovery pending a ruling on a motion to dismiss. Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss." *Bankers Ins. Co. v. Egenberg*, NO. 19-13129 at 6 (E.D. La. 2020).

## III.    The Defendants have not met their burden to show "good cause" for why a protective order and stay of discovery is necessary.

Defendants argue that because there are three pending motions—a motion to dismiss, motion to amend the complaint and a motion to strike—and because Ms. Williams is attempting to *continue* to proceed with discovery in this matter, that "Defendants have no choice but to move for Protective Order, seeking to stay all further discovery until the Pending Motions have been decided." R. Doc. 61-1 at 4. This argument does not meet the burden of "good cause" as it does not

2

put forth a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" as to the necessity of a stay in all discovery. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1325-26 n. 3 (5th Cir. 1978).

The fact that there are pending motions does not alone create good cause for this court to issue a stay in discovery. *See Bankers Ins. Co. v. Egenberg*, 19-CV-13129 at 6 (E.D. La. 2020). The Defendants did not move to dismiss all claims brought by Ms. Williams, so despite Defendants' contentions, rulings in their favor will not end litigation. *See id*. There is no threshold issue that must be decided in order for discovery to proceed. Cf. *Wearry v. Perrilloux,* NO. 18-594 at 4 (M.D. La. 2019) (citing *Rouser v. Johnson*, 36 F.3d 90 (5th Cir. 1994) (citation omitted)) ("discovery generally should not be allowed until the threshold question of absolute immunity is resolved"). While the court has the discretion to stay discovery while dispositive motions are pending, this is an exception and not the rule and the exception does not apply here. *See Bankers Ins. Co. v. Egenberg,* 19-CV-13129 at 6 (E.D. La. 2020)

Further, Defendants do not specify how responding to the outstanding discovery requests or engaging in ESI searches will be overly burdensome or expensive. Discovery is well underway in this case and Defendants just now decided to move to stay the proceedings and interrupt responses that initiated months ago. In both their motion and in the Declaration of Susan Fahey Desmond (R. Doc. 61-2), Defendants fail to provide details of the cost and burden of continuing discovery and only outline the discovery requests they have already responded to. By Defendants' own admission, "relevant hard drives, email accounts and pay information have been preserved by a third-party e-discovery vendor," which shows that the information Ms. Williams requested should be readily available to produce. R. Doc. 61-1 at 4. And Defendants' counsel agreed to send a proposal to initiate ESI searches over a month ago. Ex. B and C. Ms. Williams has not issued any requests for

depositions or other requests since that time. The Defendants conclusory statements— that continuing with discovery is expensive and burdensome—is insufficient for good cause.

**IV. Ms. Williams will be prejudiced if discovery is stayed because discovery is already underway, and Defendants' request is not limited in scope.**

Defendants argue that Ms. Williams will not be prejudiced if discovery is stayed. However, this is wholly false. First, discovery is already well underway. Defendants have already responded many of Ms. Williams' requests—although not sufficiently—so they have already organized their discovery production and responses. The fact that trial is set one year from now does not prevent prejudice to Ms. Williams. Discovery in this matter may take many months and Ms. Williams will not be able to determine that until the Defendants continue to respond to discovery requests.

Second, Ms. Williams will be prejudiced if the Defendants request for a protective order and stay is granted in this matter because the request is not limited in scope. The Defendants are requesting a stay in all discovery until all three pending motions are decided. This would mean a complete halt in discovery for an undetermined amount of time. Having one year before trial is immaterial when the timing on rulings in three separate motions is unknown. If the Defendants' request was limited to a stay as to certain Defendants or until just one of three rulings was issued, their request would be more reasonable, although still not warranted. Instead, Defendants have requested a complete stay in all discovery, which would clearly prejudice Ms. Williams and her case. The Defendants have not shown a "a clear case of hardship or inequity" compared to the prejudice, thus this motion should be denied. *See Kostmayer Constr., LLC*, 12-CV-2104 at 4 (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).

**V. Conclusion**

For the reasons stated above, this Court should deny Defendants' Motion for Protective Order.

Respectfully Submitted,

/s/ Caroline Gabriel_____
Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
Most & Associates, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(985) 441-9355
caroline.gabriel.ma@gmail.com
williammost@gmail.com

Kenneth C.Bordes (La. Bar No. 35668)
Kenneth C. Bordes, Attorney at Law, LLC
4224 Canal St.
New Orleans, LA 70119
P: 504-588-2700
F: 504-708-1717
E: kcb@kennethbordes.com